UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO: 2:20-CR-0142-TOR-1, 2 |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR CHANGE OF VENUE |
| CHRISTOPHER HAMILTON CLEMENS (1), and CALANDRA CHARGING EAGLE (2), | |
| Defendants. | |

BEFORE THE COURT are Defendant Calandra Charging Eagle's Motion for Change of Venue and Motion to Expedite. ECF Nos. 63, 65. The motions were submitted for hearing without oral argument. Defendant Christopher Hamilton Clemens has not joined in the motions. The United States filed its response in opposition. ECF No. 69. Having reviewed the file and the records therein, the Court is fully informed.

//

ORDER DENYING MOTION FOR CHANGE OF VENUE ~ 1

**BACKGROUND**

On October 21, 2020, the grand jury issued a four count Indictment against Christopher Hamilton Clemens, Calandra Charging Eagle, and Hamilton's West LLC. ECF No. 4. In Count 1, it is alleged that the three Defendants conspired to defraud the United States from on or about June 14, 2018, until at least on or about October 18, 2018, in violation of 18 U.S.C. § 371. Count 2 charges Defendant Christopher Hamilton Clemens with Bribing a Public Official in violation of 18 U.S.C. § 201(b)(1), Count 3 charges Defendant Calandra Charging Eagle with Accepting a Bribe in violation of 18 U.S.C. § 201(b)(2). Count 4 charges all three Defendants with felony theft of government property in violation of 18 U.S.C. § 641.

The Indictment contains detailed factual averments including overt acts committed in furtherance of the conspiracy. Without repeating each of the allegations, suffice to say that the Indictment repeatedly alleges that the certain criminal acts were committed in the Eastern District of Washington and elsewhere. Specifically, it alleges that Defendant Clemens was the Chief Operating Officer of Company A that had a place of business in Clarkston, Washington within the Eastern District of Washington and that Company A was registered with the Washington State Secretary of State. It is further alleged that Defendant Clemens created the Defendant company Hamilton's West LLC, which has its principal

office in Clarkston, Washington and that Defendant Clemens is the Chief Executive Officer and sole registered governor. It is further alleged that the bribe money (two checks) was mailed from the Eastern District of Washington to New Mexico.

Defendant Calandra Charging Eagle seeks to have venue for the trial moved to the District of New Mexico. ECF No. 64 at 6. Defendant contends that the Constitution and Federal Rule of Criminal Procedure 18 require the government to prosecute an offense in the district where the offense was committed. *Id*. Defendant contends that 28 U.S.C. § 1406(a) allows the court to transfer this case to New Mexico. *Id*. at 7. Finally, Defendant seeks a change of venue for the convenience of the parties, any victim, and the witnesses, and in the interest of justice pursuant to Federal Rule of Criminal Procedure 21(b). *Id*. at 9.

## DISCUSSION

As the Ninth Circuit recently articulated:

> The Constitution safeguards a criminal defendant's venue right in two places. The Venue Clause of Article III, Section 2 provides: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment's Vicinage Clause further requires that the defendant be tried by an "impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Under these two provisions, criminal trials generally must take place in the same state and district where the crime took place. But if the crime was "not committed within any State," the Constitution provides that "the Trial

shall be at such Place or Places as the Congress may by Law have directed." U.S. Const. art. III, § 2, cl. 3.

*United States v. Lozoya*, 982 F.3d 648, 651 (9th Cir. 2020) (en banc); see also *Platt v. Minnesota Min. & Mfg. Co.*, 376 U.S. 240, 245 (1964). When a given offense is continuing, venue can properly be had in the district where it was commenced, continued, or was completed. 18 U.S.C. § 3237(a) ( "[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."). *United States v. Valdez-Santos*, 457 F.3d 1044, 1046 (9th Cir. 2006).

Here, the Indictment alleges that the crimes were committed in the Eastern District of Washington and elsewhere. Thus, the United States is entitled to try this case in the Eastern District of Washington according to 18 U.S.C. § 3237(a). Defendant's citation to the civil transfer of venue statute, 28 U.S.C. § 1406(a), has no relevance to the issues concerning this criminal case.

Federal Rule of Criminal Procedure 21(b) allows a court to transfer the criminal proceeding, or one or more counts, to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice. The Supreme Court articulated a number of factors the district court should consider when deciding whether to transfer a case to another district. These factors are "(1)

ORDER DENYING MOTION FOR CHANGE OF VENUE ~ 4

location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer." *Platt v. Minnesota Min. & Mfg. Co.*, 376 U.S. at 243–44. Once the factors have been properly identified and weighed by the district court, it is not the function of an appellate court to reweigh those factors. *See id.* at 244–45; *United States v. Bitner*, 369 F. App'x 820, 821 (9th Cir. 2010).

Of the three Defendants charged in this case, two have been arraigned and are currently set for a joint trial on all the charges in Spokane, Washington on October 12, 2021. ECF No. 62.

Residency: Defendant Clemens resides within the Eastern District of Washington. Defendant Calandra Charging Eagle resides within the District of New Mexico. Judicial economy would counsel the Court to hold one, joint trial rather than two trials. Thus, the residency of each of the Defendants does not weigh in favor of the Eastern District of Washington nor the District of New Mexico for trial.

ORDER DENYING MOTION FOR CHANGE OF VENUE ~ 5

1        Location of Witnesses:  Defendant Calandra Charging Eagle recites a list of

2   potential witnesses from New Mexico but does not establish that their testimony

3   would be relevant or necessary to defend the charges.  On the other hand, the

4   Government recites that its witnesses live in the Eastern District of Washington or

5   close-by and other government employees will have no problem traveling to this

6   District.  On balance, this factor points toward rejecting a transfer.

7        Location of Events at Issue:  The events at issue are not the contract services

8   to be performed but rather the fraud, bribery and theft allegedly perpetrated by the

9   Defendants.  These events occurred between the Eastern District of Washington

10  and New Mexico by mail, text messaging / telephone, and / or email.  This factor

11  does not support a transfer.

12       Location of Document and Records:  According to the Government, it is not

13  aware of any relevant documents located in New Mexico.  The documents which

14  support the charges are electronic communications that are freely available.  This

15  factor does not support a transfer.

16       Disruption of Business/Work if Case is Transferred:  According to the

17  Government, Defendant Charging Eagle has been suspended from her job at the

18  BIA, so trial in the Eastern District of Washington will not affect her work.

19  Defendant Clemens continues to reside and work in the Eastern District of

20

Washington, so a transfer could be disruptive for him. This factor does not support a transfer.

Expense of the Parties: Defendant has been appointed a Criminal Justice Act attorney and could qualify for transportation and subsistence payments by the Government according to 18 U.S.C. § 4285. Thus, Defendant Charging Eagle would incur no personal expense to travel and attend trial in the Eastern District of Washington. This factor does not support a transfer.

Location of Counsel: Counsel for both Defendants reside and conduct their business in the Eastern District of Washington. Counsel for Defendant Charging Eagle indicates that he could pass the case off to the Federal Defender in New Mexico, but that would duplicate all the work counsel has already performed and further delay a speedy trial. This factor does not support a transfer.

Accessibility of Place of Trial: Trial in Spokane is freely accessible with a major airport and plenty of hotel accommodations. This factor does not support a transfer.

Docket Condition of Each District: The parties have provided no evidence of any impediment to the docket in either District. This factor does not support a transfer.

Any Other Elements Which Might Affect Transfer: The parties have provided no other evidence that would justify or warrant transfer to the District of

ORDER DENYING MOTION FOR CHANGE OF VENUE ~ 7

New Mexico. Certainly, weighing against transfer is the likelihood of multiple trials, which would be a waste of resources. Transfer of this case to the District of Mexico would not, on balance be justified for the convenience of the parties, the victim, the witnesses, nor the interest of justice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Calandra Charging Eagle's Motion to Expedite, ECF No. 65, is **GRANTED.**

2. Defendant Calandra Charging Eagle's Motion for Change of Venue, ECF No. 63 is **DENIED**.

The District Court Executive is directed to enter this order and provide copies to counsel.

DATED August 24, 2021.



THOMAS O. RICE
United States District Judge